OPINION
This timely appeal arises out of a decision by the Mahoning County Court of Common Pleas denying Appellant, Scott Camuso's, motion to withdraw his guilty pleas to charges of aggravated murder in violation of R.C. § 2903.01 (B) with two specifications pursuant to R.C. 2941.14, aggravated burglary, in violation of R.C. § 2911.11 (A) (3) (B) and aggravated robbery, in violation of R.C. 2911.01 (A) (2) (B). For the following reasons, we affirm the decision of the trial court.
On October 20, 1993, Appellant and two other young men, David Dattilo and Timothy Gessner, broke into the home of 72 year-old Rose Bertollini in Austintown Township, Mahoning County, Ohio. All three assailants were seventeen years old at the time. Mrs. Bertollini arrived home at approximately 5:00 p.m. while the robbery was still in progress. Appellant found a baseball bat in the home and struck Mrs. Bertollini in the head with it a number of times. She died from her injuries soon afterward. The three assailants stole Mrs. Bertollini's car and fled the scene. They were arrested later that evening.
On October 21, 1993 Appellant was charged by the Juvenile Court Division, Mahoning County Common Pleas Court, for the crime. On January 31, 1994, jurisdiction was transferred to the General Division of the Mahoning County Court of Common Pleas for Appellant to be tried as an adult.
On June 8, 1994, pursuant to a Crim.R. 11 plea agreement, Appellant pled guilty to aggravated murder, aggravated robbery and aggravated burglary. At the time of the plea Appellant was represented by counsel and was afforded a hearing pursuant to Crim.R. 11.
On November 15, 1994, the sentencing hearing took place. At that hearing Appellant made an oral motion to withdraw his plea and a motion for a continuance. After a brief hearing the motions were overruled and the court proceeded to sentencing. Appellant was sentenced to life imprisonment with parole eligibility after thirty years for aggravated murder, an indefinite term of incarceration of not less than ten and not more than twenty-five years for aggravated burglary which was to be served consecutively with his sentence for aggravated murder and an indefinite term of incarceration of not less than ten and not more than twenty-five years for aggravated robbery, to be served concurrently with his aggravated murder and aggravated burglary. Appellant asserts one assignment of error with subparts:
 "I. THE TRIAL COURT ERRED PREJUDICIALLY WHEN IT REFUSED TO PERMIT APPELLANT TO WITHDRAW HIS GUILTY PLEAS PRIOR TO SENTENCING, IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 "A. The Trial Court Abused Its Discretion When It Denied Appellant's Request for A Continuance And A Hearing At His Sentencing Hearing.
 "B The Trial Court Abused Its Discretion When It Denied Appellant's Motion To Withdraw His Guilty Plea Without Conducting A Hearing, Where Said Motion Was Based Upon The Prosecution's Breach Of The Parties Criminal Rule 11 (F) Agreement."
In Appellant's first subpart he contends that a trial court is required to conduct a hearing to determine whether there is a reasonable basis for granting a motion to withdraw a guilty plea. Appellant maintains that he did not receive such a hearing and was denied his right to due process.
Crim.R. 32.1 reads:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
The trial court has discretion as to whether or not to grant a presentence motion to withdraw a guilty plea. "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to the withdrawal of a plea prior to sentence. * * * Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." State v. Xie (1992), 62 Ohio St.3d 521, 527. A finding of an abuse of discretion requires that the court's attitude be unreasonable, arbitrary, or unconscionable. State v. Kennan
(1988), 81 Ohio St.3d 133, 137, citing to State v. Adams (1980),62 Ohio St.2d 151, 157.
After a defendant makes a presentence motion to withdraw a guilty plea, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." State v. Xie, supra,62 Ohio St.3d at 527. To satisfy the basic requirements of due process, such a hearing must allow a defendant to be heard, "at a meaningful time and in a meaningful manner." Matthews v. Eldrige (1976),424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed. 18. Whether a defendant has been given a full, fair and impartial hearing will necessarily depend on the purported reasons for the withdrawal of the plea and the evidence needed to support those reasons. In the matter before us, as the sentencing hearing was about to begin, Appellant made an oral motion to withdraw his plea. Appellant also moved for a continuance. The court allowed Appellant to argue his motions immediately. Appellant maintained that he had entered into a Crim.R. 11 (F) plea agreement with the original prosecutor in the case, Mr. Ken Bailey. Appellant argued, and Appellee does not dispute, that an essential aspect of the plea agreement was that the prosecutor, "agreed to stand silent at the time of sentencing, except to correct any flaws or erroneous statements as to the case facts or as to the defendant's background." (Tr. of Sentencing Hearing, 11/15/94, p. 8)
Appellant claimed that the prosecuting attorney had delivered to the trial court an eleven-page case summary prior to the sentencing hearing. Appellant did not find out about this case summary until the evening before the scheduled sentencing hearing. Appellant argued that the prosecutor's mere presentation of this material to the trial court was a breach of the plea agreement. Appellant also stated that the prosecutor did not give him a copy of the summary and therefore engaged in an improperex parte communication with the court. The court sealed the document without reading it and accepted it into evidence. Appellee did not respond to or object to any of the allegations or arguments made by Appellant at the hearing.
The trial judge stated that he had not read the case summary and concluded with that statement: "I don't see how it is even material." (Tr. p. 11). The court then overruled the motion for withdrawal of the plea and the motion for continuance.
Appellant was given the opportunity to present to the court his reasons for withdrawing his plea. The sole reason Appellant offered for withdrawing the plea was that the prosecutor gave a case summary to the court. There were no questions raised about the voluntariness of the plea or any other alleged breach of the plea agreement. The record shows that Appellant was given the opportunity to hear and present the necessary facts and arguments so that the court could make a rational determination. The court was already well-informed about the details of the case and about the circumstances surrounding the case summary. It appears from the record that Appellant was thus afforded a meaningful hearing.
Appellant also maintains that the trial court should have at least granted a short continuance. At the sentencing hearing Appellant contended that he was not adequately prepared to present his arguments in favor of mitigating the sentence because he had been researching the issues raised by the case summary. "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge".State v. Mason (1998), 82 Ohio St.3d 144, 154. The trial judge expressed concern that there had already been a five-month delay between the acceptance of the plea and the sentencing hearing. The court also noted that Appellant's counsel had shown throughout the case that he was diligent, prepared and dedicated to his client. It does not appear from the record that the trial court acted unreasonably or arbitrarily in denying a continuance of the matter and the denial of the motion was well within the court's discretion.
Appellant attempts to argue on appeal that because he wished to present exculpatory and mitigating evidence at the sentencing hearing this should have provided another basis for granting a separate hearing on his motion to withdraw his plea. Appellant did not make this argument to the trial court. Appellant made two separate motions for which he gave two separate and distinct reasons. He made a motion to withdraw his plea based on his belief that in handing the court a case summary, the prosecutor breached his promise to "stand silent." He made a motion for a continuance for the purpose of fine tuning his argument as to this purported breach for the sentencing hearing. The trial court ruled on the motions based on the manner in which Appellant presented and argued them. Appellant did not argue that he should have been permitted to withdraw his plea due to the existence of exculpatory evidence. If Appellant had intended to withdraw his plea on the basis of the alleged exculpatory evidence, he should have made this argument either prior to the sentencing hearing, during the plea withdrawal hearing or in a separate motion for withdrawal of his plea once the trial court had already ruled on the initial motion, as required by Crim.R. 32.1. As Appellant could and should have raised this with the trial court which was in the best position to correct any possible error, Appellant cannot raise this error for the first time on appeal. State v.Williams (1977), 51 Ohio St.2d 112, at paragraph one of syllabus.
In Appellant's second subpart, he argues that when the prosecutor delivered the case summary to the trial court he breached his promise in the plea agreement to stand silent during sentencing. Appellant asserts that when the state breaches a plea agreement a defendant has the right to withdraw the plea or to require specific performance of the plea agreement, citingSantobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427, in support. Appellant contends that specific performance would be a useless gesture in the case because once the prosecutor's silence is broken it cannot be taken back. Appellant concludes that the trial court was required to grant the only available remedy, which would be to allow withdrawal of the guilty plea.
The defendant in Santobello was charged with a variety of gambling offenses. The defendant pleaded guilty to reduced charges in exchange for a promise by the prosecutor that he would not make any recommendation as to the sentence. Id. at 258. A different prosecutor then appeared at the sentencing hearing who recommended the maximum sentence and the defendant was sentenced accordingly. Id. at 260. The Supreme Court has held that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the indictment or consideration, such. promise must be fulfilled."Id. at 262. The Court remanded the case to the state court to determine whether specific performance of the plea agreement or withdrawal of the plea was appropriate. Id. at 263. The court interpreted specific performance to mean that the defendant would be resentenced in front of a different judge. Id.
Appellant's reliance on Santobello is misplaced. In Santobello there was no dispute about whether the prosecutor had materially breached the plea agreement. Id. at 262. In the case sub judice the trial judge asserted that he had not read the prosecutor's case summary and that therefore it's submission was immaterial. Appellant agrees that it is within the sound discretion of the trial court to determine whether a party has breached its obligation under a plea agreement. "[I]t is the duty of the trial court as the trier of fact * * * to determine whether there has been compliance with a plea agreement." State v. Curry (1972),49 Ohio App.2d 180, 183. Because the trial court determined that there was no material breach of the plea agreement, there is no reason to apply the remedy prescribed in Santobello. In addition, since Appellant's only argument for withdrawing his plea was this alleged breach, there was no other reasonable and legitimate basis upon which the trial court should have granted the motion for withdrawal of the plea. Xie, supra, at 527.
Virtually identical issues raised by Appellant were previously reviewed by this Court in State v. Gessner (August 14, 1996), Mahoning App. No. 94 C.A. 225, unreported. Gessner involved the denial of a presentence motion to withdraw the guilty plea of Timothy Gessner, a co-defendant of Appellant in the events of October 20, 1993. Mr. Gessner also argued that the case summary submitted to the court by the prosecutor breached his plea agreement. The trial judge stated on the record that he had not read the case summary. This Court held that the essential part of the plea agreement was kept and that the prosecuting attorney's error, if any, was harmless because the trial judge did not consider the summary when it rendered its sentence. Id.
Appellant attempts to distinguish this case from Gessner in three respects. First, in Gessner the prosecutor filed an affidavit at the sentencing hearing indicating that he had not been trying to influence the trial judge as to sentencing by virtue of his submission of the case summary. No similar affidavit was filed prior to Appellant's sentencing hearing. Second, the prosecutor agreed to remain silent on only two of the three counts in Gessner, whereas he agreed to stand silent at Appellant's sentencing hearing altogether. Third, there were six days between the time when Mr. Gessner filed his motion to withdraw his guilty plea and the sentencing hearing, during which time the court gave due consideration to the motion. In the case at bar, the trial judge ruled on the motion immediately after a brief hearing.
Appellant's attempt to distinguish Gessner from the case at bar is unpersuasive. Whether or not the prosecutor filed an affidavit has no bearing on the critical fact that in both cases the judge did not read the summary. Whether or not the prosecutor agreed to stand silent on two counts or three counts is irrelevant because submission of an unread case summary is still the functional equivalent of silence and does not constitute a material breach of an agreement to stand silent as to sentencing. We have already determined that Appellant received a hearing on his motion which comported with due process. Because Gessner is completely on point with the instant case, stare decisions compels us to follow the analysis and holding in Gessner.
The prosecutor made no recommendations or comments as to sentencing at Appellant's sentencing hearing. The prosecutor kept the essential part of the plea agreement to stand silent during sentencing. Any error in attempting an ex parte communication with the trial court was harmless because the sentencing judge did not read or consider the case summary in rendering Appellant's sentence.
Appellant's sole assignment of error is found to be without merit. The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Cox, P.J., concurs.
APPROVED:
 __________________________________ CHERYL L. WAITED, JUDGE