OPINION
{¶ 1} Defendant-Appellant Paul E. Au appeals his convictions and sentences in the Richland County Court of Common Pleas Court for one count of Rape a felony of the first degree in violation of R.C. 2907.02(A)(1)(b), and one count of Gross Sexual Imposition a felony of the third degree in violation of R.C.2907.05(A)(4). The following facts give rise to this appeal.
 {¶ 2} In September, 2004, the Appellant was indicted for two counts of rape of a person less then ten years old, a first degree felony, and two counts of gross sexual imposition, third degree felonies. Counts I and III of the indictment related to offenses against the six year old victim, and Counts II and IV related to offenses against the nine year old victim. Both counts of rape carried a mandatory life sentence if convicted.
 {¶ 3} The Appellant, with the assistance of his attorney entered into a plea agreement with the State of Ohio. Pursuant to the plea agreement, the Appellant would enter no contest pleas to all four counts and would be subject to a stipulated polygraph examination. If appellant was found to be truthful, all counts would be dismissed. If he was found to be deceptive, the court would make a finding of guilty on his no contest plea. Also, pursuant to the agreement if the results of the exam were inconclusive, his no contest pleas would be set aside and he would proceed to trial.
 {¶ 4} The Appellant entered no contest pleas to all four counts on February 7, 2005. On March 16, 2005, the Appellant underwent a polygraph examination at the Ohio Bureau of Criminal Identification and Investigation in Richfield, Ohio. After the examination, the Appellant was found to be deceptive as to the six year old victim. The results were inconclusive as to the nine year old victim.
 {¶ 5} The Appellant was brought back before the court on April 4, 2005 for findings on his no contest pleas. At that hearing, the State moved to dismiss Counts II and IV based upon the inconclusive polygraph finding. The trial court granted the State's motion to dismiss, and made a finding of guilty on Counts I and III pursuant to the agreement. The Court ordered a forensic evaluation of the Appellant prior to sentencing.
 {¶ 6} On May 9, 2005, the Appellant was sentenced to life in prison on the rape charge, and four years on the gross sexual imposition charge. The sentences for the two counts were to run concurrently. After a hearing on the same date, the Appellant was also classified as a sexual predator. Defendant-appellant timely filed a notice of appeal and has set forth the following two errors for our consideration:
 {¶ 7} "I. DEFENDANT WAS DENIED DUE PROCESS OF LAW, INCLUDING HIS RIGHT TO A JURY TRIAL, WHEN THE STATE OF OHIO AND THE TRIAL COURT ENFORCED THE CONTRACTUAL NEGOTIATED PLEA AGREEMENT, CONTRARY TO THE EXPRESS PROVISIONS OF THE "ENTRY OF STIPULATION AND USE OF POLYGRAPH TEST".
 {¶ 8} "II. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO FILE A MOTION TO WITHDRAW DEFENDANT'S NO CONTEST PLEAS, AND FAILED TO OBJECT TO THE ENFORCEMENT OF THE "ENTRY OF STIPULATION AND USE OF POLYGRAPH TEST".
 I. {¶ 9} Appellant argues that he did not receive the benefit of his negotiated plea agreement with the State. We disagree.
 {¶ 10} At the sentencing hearing, appellant did not make any objection regarding the remarks his attorney made concerning dismissing the two (2) counts relating to the inconclusive polygraph results, and his plea to the remaining two counts resulting from the finding of "deception" as to those counts. Nor did appellant file a motion to withdraw the plea. A reviewing court generally considers only those errors raised initially in the trial court. See State ex rel. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78, 81; Owners Mgt. Co. v. Moore (1996),111 Ohio App.3d 820, 825. However, appellant contends in his Second Assignment of Error that he was denied effective assistance of counsel because trial counsel did not oppose the enforcement of the stipulation at issue in the instant assignment of error. We will therefore address appellant's assignment of error.
 {¶ 11} A plea agreement is generally "contractual in nature and subject to contract-law standards." State v. Butts (1996),112 Ohio App.3d 683, 686, 679 N.E.2d 1170; State v. Namack, 7th Dist. No. 01BA46, 2002-Ohio-5187 at ¶ 25. Plea agreements should be construed strictly against the government. State v. Ford
(Feb. 18, 1998), 4th Dist. No. 97 CA 32, at 3; United States v.Fitch (C.A.6, 2002), 282 F.3d 364, 367. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v.New York (1971), 404 U.S. 257, 262, 92 S.Ct. 495,30 L.Ed.2d 427. "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." State v. Legree (1988), 61 Ohio App.3d 568, 571,573 N.E.2d 687. A prosecutor's failure to comply with the terms of a plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutional validity of a conviction based upon that plea. Id.; Blackledgev. Allison (1977), 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136;State v. Namack, supra.
 {¶ 12} It is the duty of the trial court as a trier of fact to determine whether there has been compliance with a plea agreement. State v. Curry (1976), 49 Ohio App.2d 180, 183,359 N.E.2d 1379. Ordinarily, it is within the sound discretion of the trial court to determine a defendant's remedy when the State has breached a plea agreement. State v. Mathews (1982),8 Ohio App.3d 145, 146, 8 OBR 202, 456 N.E.2d 539; Santobello at 263. When exercising this discretion, the trial court has two possible remedies to choose from which depend upon the circumstances of the particular case, either specific performance of the agreement or withdrawal of the plea. Id.; Peavy v. United States (C.A.6, 1994), 31 F.3d 1341, 1346.
 {¶ 13} The intent of the parties to a contract presumptively resides in the ordinary meaning of the language employed in their agreement. Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, 509 N.E.2d 411, paragraph one of the syllabus. Contractual language giving rise to doubt or ambiguity must be interpreted against the party who used it. Graham v. Drydock Coal Co.
(1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949 citing Cent.Realty Co. V. Clutter (1980), 62 Ohio St.2d 411, 406 N.E.2d 515;Bellish v. C.I.T. Corp. (1943), 142 Ohio St. 36, 50 N.E.2d 147, paragraph one of the syllabus.
 {¶ 14} In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. SeeUnited States v. Partida-Parra (C.A.9, 1988), 859 F.2d 629;United States v. Arnett (C.A.9, 1979), 628 F.2d 1162. Smith v.Stegall (6th 2004), 385 F.3d 993, 999. Therefore, we must identify the terms of the plea agreement before we can determine if the state breached the agreement. State v. Thompson, 4th
Dist. 03CA766, 2004-Ohio-2413.
 {¶ 15} In the case at bar, the relevant portions of the plea agreement are as follows:
 {¶ 16} "By agreement between PAUL EDWARD AU, SR. (hereinafter referred to as defendant), his counsel, Les Wagner, and counsel for the State of Ohio, certain understandings and stipulations have been reached and entered into by said parties, as hereafter set forth:
 {¶ 17} "1) The defendant will plead no contest to the indictment as charged. Thereafter, the defendant will submit to a polygraph examination as detailed below. If the defendant makes an admission to the charges during the examination process (including all interviews), the defendant shall be found guilty on his no contest plea and the Court will proceed to sentencing. If the defendant refuses to cooperate or submit to the polygraph examination, the defendant will be found guilty on his no contest plea and the Court will proceed to sentencing. If the defendant is found deceptive in any way during his polygraph examination, the defendant will be found guilty on his no contest plea and the Court will proceed to sentencing. If the defendant completes the polygraph examination without showing any deception, the State will dismiss the indictment. The defendant will submit to an examination process utilizing in part, a device commonly known as a "polygraph" or "lie detector" which examination process may involve a series of interviews and tests . . .
 {¶ 18} "4) Such person designated by the State shall be permitted, if called as a witness by the State of Ohio or the defendant, to testify in Court regarding this matter as an "expert" regarding all aspects of the test administered, and such testimony shall be offered and received as evidence without objections of any kind by any party to this agreement except as to the weight of evidence is to be given. EXCEPTION: Should any person administering such test pursuant to this Entry determine the results of such test to be "inconclusive" as to deception, or lack thereof, on the part of the defendant, then such "inconclusive" test shall not be the subject of any testimony whatsoever and this entire "Polygraph Stipulation" shall be set aside and held for naught and the defendant's plea shall be set aside".
 {¶ 19} Additionally, the trial judge informed the appellant prior to accepting his change of pleas as follows:
 {¶ 20} "THE COURT: Okay. Now, again, as I understand the arrangement, you will be pleading no contest for a polygraph agreement, or a lie detector agreement.
 {¶ 21} "If you pass that lie detector, your case will be dismissed. You won't have a conviction in this case, it will be dismissed.
 {¶ 22} "If you fail the polygraph agreement, you will come back here and be sentenced without a trial based on your plea, you've admitted your guilt, and now it's been confirmed by the polygraph.
 {¶ 23} "If the polygraph is inconclusive, we can't tell whether you are lying or not based on the examiner's report, then we will be back where we started. You will be back with a trial, and it will either be dismissed or continued, we will be back with your not guilty plea. Do you understand?
 {¶ 24} "THE DEFENDANT: Uh huh".
 {¶ 25} (Transcript of Change of Plea, Feb. 7, 2005 at 19-20).
 {¶ 26} After the conclusion of the polygraph test, appellant returned to Court and the following exchange took place:
 {¶ 27} "THE COURT: Our next case is Paul Au. Mr. Au, would you come down here to the podium with your attorney, please.
 {¶ 28} "Mr. Au is here with his attorney, Les Wagner, Case No. 04-CR-808. Since we have been scheduled for a finding on the plea, I assume that his polygraph test was showing that he lied when he was denying the offense.
 {¶ 29} "MR. WAGNER: Your Honor, it did show deception as to the one count. As to the other count, it was inconclusive.
 {¶ 30} "MR. ROBINSON: That's correct.
 {¶ 31} "MR. WAGNER: In conversation with the prosecutor's office, they indicated that they are going to dismiss the second count.
 {¶ 32} "THE COURT: Okay. Which count was that? Was that the nine-year-old or the six-year-old?
 {¶ 33} "MR. ROBINSON: The six-year-old he was found to be deceptive, Cheyenne Au. The nine-year-old, that was inconclusive. That's Natasha Crane.
 {¶ 34} "THE COURT: And that's Count II?
 {¶ 35} "MR. ROBINSON: Yes.
 {¶ 36} "THE COURT: So you had the right to go dismiss Count II; is that right?
 {¶ 37} "MR. ROBINSON: Correct. He actually pled guilty to four counts, Your Honor. He pled guilty to two F-1s and two F-3s.
 {¶ 38} "THE COURT: He pled no contest.
 {¶ 39} "MR. ROBINSON: That's what I meant, no contest. So he would still be facing sentencing on Count I and Count III, the two counts revolving around Cheyenne Au, the six-year-old. And we would be dismissing the counts against Natasha Crane that was inconclusive.
 {¶ 40} "THE COURT: All right. Then pursuant to the plea agreement and your additional willingness to give him this additional break for his guilt in the other case, I permit Counts II and IV to be dismissed. I find you guilty on your no contest pleas on Counts I and III. That's one count of rape, and one count of gross sexual imposition. . . ." (Transcript of Finding on No Contest Plea, April 4, 2005 at 2-3).
 {¶ 41} In the case at bar it is evident that appellant got the "benefit of the bargain" with respect to his plea agreement. The case involved a single indictment relating to two (2) separate children. Pursuant to that agreement "If the defendant is found deceptive in any way during his polygraph examination, the defendant will be found guilty on his no contest plea and the Court will proceed to sentencing". That is exactly what occurred in appellant's case. In addition, rather than simply setting aside the plea agreement and setting the second charge for trial with respect to the "inconclusive" counts, the State dismissed those two (2) charges.
 {¶ 42} It is illogical and unreasonable to interpret the plea agreement in the manner argued by appellant in this Court. Appellant, in essence, urges that even though the appellant's results indicated deception concerning one child the entire plea agreement should be set aside with respect to that child because the results concerning the second child were "inconclusive." Appellant is asking us to ignore the plain language of the plea agreement and instead to enforce his own unwritten, subjective intent. This is not a permissible method of contract interpretation. Smith v. Stegall, supra, 385 F.3d at 1000.
 {¶ 43} Accordingly, our review of the record indicates that the plea agreement, as signed and explained on the record, is not ambiguous. Appellant received the full benefit of his plea agreement and the state has fulfilled all its obligations under the same.
 {¶ 44} Accordingly, Appellant's First Assignment of Error is overruled.
 II. {¶ 45} In his Second Assignment of Error, appellant argues that he was denied effective assistance of trial counsel. We disagree.
 {¶ 46} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 136.
 {¶ 47} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 48} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 {¶ 49} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 50} Appellant argues that his trial counsel failed to file a motion to withdraw appellant's no contest plea and failed to object to the "Enforcement of the `Entry of Stipulation and Use of Polygraph Test.'" We disagree.
 {¶ 51} As noted in our disposition of Appellant's First Assignment of Error, supra, Appellant received the benefit of his plea bargain with the State. Accordingly, we do not find appellant was prejudiced by counsel's failure to move to withdraw appellant's plea, nor by his failure to object to the enforcement of the plea agreement.
 {¶ 52} Appellant's Second Assignment of Error is overruled.
 {¶ 53} Appellant's conviction and sentence in the Richland County Court of Common Pleas on one count of Rape, in violation of R.C. 2097.02(A)(1)(b) and one count of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4) are affirmed.
 {¶ 54} For the foregoing reasons, the judgment of the Court of Common Please, of Richland County, Ohio, is affirmed.
Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Please, of Richland County, Ohio, is affirmed. Costs to appellant.