The State of Ohio, Appellee, *v.* Curry, Appellant.

(Nos. 7899, 7900, 7901, 7902, 8056, 8058, 8059 and 8060—Decided March 17, 1976.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. Frederic Zuch,* for appellee.
*Mr. Thomas A. Ciccolini,* for appellant.

Mahoney, J. These appeals are from pleas of guilty in eight cases involving 34 counts of the unlawful sale of narcotics (heroin, cocaine) and conspiracies to violate the narcotics laws. Defendant Joseph Curry, Jr., the appellant, was sentenced consecutively on all counts. He now contends that the court accepted the pleas without fully ascertaining that they were knowingly, voluntarily and intelligently made in accordance with Crim. R. 11, and after it was apparent that the pleas were induced by defense counsel's false or mistaken representations to defendant as to what, if anything, the prosecutor had promised.

The thrust of the assignments of error is that defendant did not get the benefit of a plea bargaining agreement,

which he claims he entered into with the prosecutor in good faith and fully performed. The transcript of proceedings shows that on July 7, 1975, the plea bargaining agreement was set forth to the court under Crim. R. 11 in exchange for the guilty pleas made on July 3, 1975. The agreement, in the words of the assistant county prosecutor, was as follows:

"* * * Upon pleas of guilty being entered by the Defendant, Joseph Curry, the State will recommend to the Court that this defendant serve these sentences concurrently, number one and number two we would recommend to the Court that he serve this sentence in the Mansfield Reformatory. I have also indicated to Mr. Ciccolini that upon his being sentenced to the Mansfield Reformatory, I would send a letter to Mansfield to the effect that we would recommend to them that he be placed in any drug rehabilitation program instituted at that location, in return for those recommendations.

"In addition to that, by statute the parole authority will be sending both to the Court and to our office a letter wherein they request any information we have and any specific recommendations we have concerning parole. The State in return for the promises which Mr. Curry we believe is going to give to us, in return for that, are going to recommend to the Parole Authority that Mr. Curry be given consideration at the earliest opportunity, which according to the statute and regulations as they now exist would be thirty-eight months. In return for that, the defendant has indicated to us that he would cooperate fully with the State, that he would testify for the State, if needed, in any of these cases, he would give a full statement to law enforcement officials concerning his involvement in each of the cases which he has been charged along with those people he had contact with in the course of those cases, who are also charged.

"Court: This is what your recommendation is going to be, that's the reason why we are here? The rest of the proceedings will be out in open court.

"Mr. Vuillemin: Yes.

"Court: The Court wants to for the record say to you, Mr. Curry, do you fully understand this Court is not bound by anthing that you all have agreed to, do you understand that?

"Defendant: It's not bound—

"Court: I am not bound by what you fellows have agreed to.

"Defendant: Right.

"Court: You understand that? I didn't participate, and I don't know anything.

"Defendant: Right.

"Mr. Ciccolini: Your Honor, for the record also, it's my understanding that upon entering pleas of guilty that Mr. Curry will be transported to Mansfield as soon as possible. If it should be absolutely necessary that he have to testify, which we are trying to avoid in open court, we understand that he could be subpoenaed back. As far as cooperating, he will meet with Lieutenant Scalise and whoever else is necessary in private and cooperate to the best of his ability. I do want to emphasize the fact because of threats and other circumstances that he be transported as soon as possible."

The cases came on for sentencing on August 15, 1975, at which time the prosecutor stated to the court in substance that the defendant had not "fully cooperated." He, therefore, recommended that the defendant be sent to the penitentiary rather than to the reformatory as a youthful offender. The prosecutor no longer felt bound by the plea bargaining agreement. Defense counsel took exception saying the defendant had acted in good faith. The prosecutor responded with his intention to voluntarily comply with the agreement regarding the rehabilitation program letter and the early parole.

The prosecutor reminded the defendant's counsel that he had the option of moving to withdraw his plea. Defense counsel replied, "We are here for sentencing."

The trial court then said: "The court has not heard any remarks that would affect its judgment. * * * The court has not received any information to the effect that you

have cooperated fully as far as the source of these narcotic drugs is concerned.'' The court then sentenced the defendant to consecutively serve every count. The sentences are subject to the provisions of R. C. 2929.41(E), regarding an aggregate minimum term of 15 years.

After the sentencing, another colloquy occurred between the trial court, the assistant prosecutor, and defense counsel. The prosecutor's office, in its continuing effort to make a protective record for appeal, attempted to detail how they came to the conclusion that the defendant had not fully cooperated. Defense counsel continued to deny any lack of cooperation. The trial court said:

''But as far as Mr. Curry is concerned, this Court cannot find any bit of sympathy for him at all, unless he would have purged himself with valuable information the law enforcement officers could use in ridding the source coming into this community. This, the court feels he has not done.

''The Court will honor any commitment that the prosecutor's office made and that the prosecutor's office and the police department feel have been fulfilled. I have heard none.''

We submit that it is the duty of the trial court as a trier of fact, not the prosecutor's office or the police department, to determine whether there has been compliance with a plea bargaining agreement. This can only come about at a hearing for that purpose. The prosecutor's assertions without further evidence are insufficient to set aside an agreement. The proceeding should be evidentiary in nature and the defendant should be afforded the opportunity to cross-examine and call witnesses and have all other due process requirements. If the defendant has not fulfilled his part of the bargain, the trial court may, at *its* option, proceed to sentencing or vacate the pleas and require the defendant to stand trial. If the state has violated the agreement, the trial court may order the prosecutor to specifically perform the agreement or vacate the plea and proceed to trial. *Santobello* v. *New York* (1971), 404 U. S. 257.

Accordingly, we partially sustain the assignments of error and vacate the sentences imposed on all counts in all cases. We remand the matter to the trial court to hold a hearing to determine whether the defendant did "fully cooperate." If the court finds the prosecution has not established such a failure by a preponderance of the evidence, then the court shall order the prosecution to specifically perform the agreement or vacate the pleas. If the court finds that the prosecution has proven the failure by a preponderance of the evidence, the court may proceed to sentencing or vacate the pleas.

In the event of sentencing, after the hearing herein ordered, the trial court may act upon the recommendations of the prosecutor as it sees fit.

*Judgment reversed.*

VICTOR, P. J., and DOYLE, J., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.