OPINION *Page 2 
{¶ 1} Appellant was indicted on one count of Grand Theft of a Motor Vehicle, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1)(B)(5), one count of Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1), one count of Theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1), and one count of Kidnapping, a felony of the second degree, in violation of R.C. 2905.02(A)(2).
 {¶ 2} The Burglary count was amended to a felony of the third degree, and the Kidnapping count was amended to Abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2). Appellant entered a guilty plea on all counts and was sentenced to eighteen months on the Grand Theft charge, five years on the Burglary charge, twelve months on the Theft charge, and five years on the Abduction charge. All sentences were ordered served concurrently to one another and concurrent with Case Number CR-06-051, which was a misdemeanor case.
 {¶ 3} After Appellant's plea, Appellant applied for the SEPTA program, however, he was not approved to participate in the program due to his refusal to admit to the SEPTA intake officer that he was involved in the crimes to which he pled guilty.
 {¶ 4} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth a proposed Assignment of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error. Appellee did not file a brief. *Page 3 
 I. {¶ 5} "THE STATE OF OHIO AND/OR THE TRIAL COURT VIOLATED THE TERMS AND CONDITION OF THE PLEA AGREEMENT IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW."
 {¶ 6} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 7} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738. We now will address the merits of Appellant's Assignment of Error.
 I. {¶ 8} In his potential Assignment of Error, Appellant argues the plea agreement in the instant case was violated making Appellant's plea involuntary. *Page 4 
 {¶ 9} A plea agreement is generally "contractual in nature and subject to contract-law standards." State v. Butts (1996), 112 Ohio App.3d 683,686, 679 N.E.2d 1170; State v. Namack, 7th Dist. No. 01BA46, 2002-Ohio-5187 at ¶ 25. Plea agreements should be construed strictly against the government. State v. Ford (Feb. 18, 1998), 4th Dist. No. 97 CA 32, at 3; United States v. Fitch (C.A.6, 2002),282 F.3d 364, 367. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."Santobello v. New York (1971), 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427. "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." State v. Legree (1988), 61 Ohio App.3d 568, 571,573 N.E.2d 687. A prosecutor's failure to comply with the terms of a plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutional validity of a conviction based upon that plea. Id.; Blackledge v. Allison (1977), 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136; State v. Namack, supra.
 {¶ 10} It is the duty of the trial court as a trier of fact to determine whether there has been compliance with a plea agreement.State v. Curry (1976), 49 Ohio App.2d 180, 183, 359 N.E.2d 1379. Ordinarily, it is within the sound discretion of the trial court to determine a defendant's remedy when the State has breached a plea agreement. State v. Mathews (1982), 8 Ohio App.3d 145, 146, 8 OBR 202,456 N.E.2d 539; Santobello at 263. When exercising this discretion, the trial court has two possible remedies to choose from which depend upon the circumstances of the particular case, *Page 5 
either specific performance of the agreement or withdrawal of the plea.Id.; Peavy v. United States (C.A.6, 1994), 31 F.3d 1341, 1346.
 {¶ 11} In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. See United States v.Partida-Parra (C.A.9, 1988), 859 F.2d 629; United States v. Arnett
(C.A.9, 1979), 628 F.2d 1162. Smith v. Stegall (6th
2004), 385 F.3d 993, 999. Therefore, we must identify the terms of the plea agreement before we can determine if the State breached the agreement. State v. Thompson, 4th Dist. 03CA766, 2004-Ohio-2413. State v. Winfield, 2006 WL 367124, 4 (Ohio App. 5 Dist.).
 {¶ 12} In the instant case, the State offered to recommend SEPTA as a community control sanction and offered to amend two of the charges. During the plea, the trial court asked Appellant, "Do you understand that if any promises, inducements have been made to you by any person to cause you to plead guilty that they are not binding upon the Court and if you plead guilty that Court alone, that's me the Judge, will decide what your sentence is after I consider a pre sentence investigation report and recommendation prepared by the Ohio Adult Parole and Probation Authority and a SEPTA evaluation prepared by the SEPTA Correctional Institution and that you may receive the maximum sentence prescribed by law. Do you understand that?" The Appellant indicated he understood the trial court alone would determine the sentence, and the trial court was not bound by the State's recommendations.
 {¶ 13} At the time of sentencing, the State had already amended the charges as promised and the State reiterated the recommendation it made when the guilty plea was taken. The State honored its agreement with Appellant. Rather, the trial court refused *Page 6 
to follow the recommendation based upon Appellant's failure to be accepted into the SEPTA program. The fact that the trial court did not have to follow the State's recommendation was a fact known to Appellant prior to entering his plea.
 {¶ 14} Appellant's Assignment of Error is overruled.
 {¶ 15} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the Morgan County Court of Common Pleas.
 Gwin, P.J. Edwards, J. and Delaney, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morgan County Court of Common Pleas is affirmed.
Attorney R. Aaron Miller's motion to withdraw as counsel for Appellant is hereby granted.
 COSTS TAXED TO APPELLANT. *Page 1