[Cite as *State v. Gilbert*, 2013-Ohio-238.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110382 |
| | | TRIAL NO.   B-091283 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| KAREEM GILBERT, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded with Instructions

Date of Judgment Entry on Appeal:  January 30, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ravert J. Clark,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge**.

{¶1} Defendant-appellant Kareem Gilbert appeals from the trial court's May 2011 judgment of conviction for murder, an accompanying firearm specification, and having weapons under a disability.

{¶2} Previously appointed counsel for Gilbert filed a no-error brief stating that no meritorious issues existed to support Gilbert's appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Contrary to appellate counsel's position, this court found that legal points arguable on the merits existed, including the trial court's authority to set aside Gilbert's prior final judgment of conviction upon the state's motion, and the subsequent resentencing of the defendant. Thus, we granted counsel's motion to withdraw, and we appointed new counsel for additional briefing. *State v. Gilbert*, 1st Dist. No. C-110382, 2012-Ohio-1366, ¶ 7-11.

### *Procedural and Factual Posture*

{¶3} This court summarized the procedural and factual posture of the case in its March 30, 2012, opinion:

In May 2010, after entering into a detailed agreement with the state, Gilbert entered pleas of guilty to voluntary manslaughter with an accompanying firearm specification, having a weapon while under a disability, and witness intimidation. In exchange, the state dismissed other weapons charges and a count of aggravated murder with an accompanying firearm specification. The trial court accepted Gilbert's guilty pleas and sentenced him to an aggregate sentence of 18 years' imprisonment.

A year later, in May 2011, the state moved to vacate Gilbert's pleas, contending Gilbert had breached his 2010 plea agreement by failing to give truthful testimony in a criminal case against his father, Reuben Jordan. Gilbert's trial counsel informed the court that Gilbert did not object to the

state's motion to vacate his pleas. Gilbert admitted he had breached the plea agreement but maintained he had testified truthfully in the Jordan case.

The trial court granted the state's motion to vacate Gilbert's pleas. At the same hearing, Gilbert then pleaded guilty to murder with an accompanying firearm specification and to having a weapon while under a disability. The trial court accepted Gilbert's guilty pleas, withdrew the prior sentence, and imposed a new aggregate sentence of 18 years to life in prison.

*Gilbert* at ¶ 2-4.

{¶4} Gilbert now raises three assignments of error, which all concern the trial court's authority to set aside the final judgment of conviction and resentence him. First, he argues that after the May 2010 judgment of conviction had been journalized, the trial court lacked the authority to grant the state's 2011 motion to vacate his pleas and then to reconsider its own valid judgment and resentence him. We agree.

### *Reconsideration of Final Judgments in Criminal Cases*

{¶5} Generally, Ohio trial courts lack the authority to reconsider their own valid final judgments in criminal cases. *See, e.g., State v. Raber*, ____ Ohio St.3d ____, 2012-Ohio-5636, ____ N.E.2d ____, paragraph one of the syllabus; *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 9; *Brook Park v. Necak*, 30 Ohio App.3d 118, 120, 506 N.E.2d 936 (8th Dist.1986).

{¶6} There are both judicially and legislatively created exceptions to this general rule, none of which apply in this case. The judicially created exceptions, for example, provide the trial courts with continuing jurisdiction "to correct a void sentence" and "to correct a clerical error in a judgment." *Raber* at ¶ 20, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. In addition, under Crim.R. 32.1, the trial court retains jurisdiction to review and grant a defendant's

postsentence motion to withdraw a plea when he has not taken a direct appeal. *See State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978). Further, the trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence as permitted by Crim.R. 33, when that "specific issue has not been decided upon direct appeal." *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37.

{¶7} The legislatively created exceptions include habeas corpus and postconviction remedies as set forth by statute. *See* R.C. 2725.01 et seq. and 2953.21 et seq.

{¶8} The state argues that the general rule relating to the finality of judgments in criminal cases does not apply in this case. Instead, the state contends that the facts implicate the distinction between a trial court's lack of subject-matter jurisdiction and a trial court's improper exercise of jurisdiction or authority. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992.

{¶9} In essence, the state argues that the parties were properly before the court on the state's motion to vacate the pleas because the common pleas court has subject-matter jurisdiction over felony cases. According to the state, Gilbert, at best, could have argued that the trial court improperly exercised its jurisdiction when it granted the state's motion to vacate his pleas, but that he "waived" his right to challenge the court's exercise of jurisdiction in that instance when he acquiesced in the proceedings below.

{¶10} The state's argument, however, ignores what we believe to be the crux of Gilbert's argument. Gilbert does not merely argue that the trial court lacked subject-matter jurisdiction to rule on a postconviction motion. He argues, rather, that the trial court lacked the authority to reconsider its final judgment and to grant the relief sought. *See Raber*, ____ Ohio St.3d ____, 2012-Ohio-5636, ____ N.E.2d ____; *Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, at ¶ 9. The state's argument is not responsive

to Gilbert's argument concerning the finality of the judgment. Nor do we find the state's argument persuasive.

### *Continuing Jurisdiction to Enforce a Plea Agreement*

{¶11}    The state also suggests that the trial court "expressly retained jurisdiction to continue proceedings against Gilbert in the event that he breached the plea agreement." The plea agreement does state that, in the event of a breach, the state may reinstate the original charges against Gilbert.

{¶12}    But the parties' agreement, even if incorporated into the judgment of conviction, could not give the trial court the authority to reconsider its final judgment, in the absence of  authority affixed by law. *See* Ohio Constitution, Article IV, Section 4(B) ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * *as may be provided by law*."). (Emphasis added.)  In this case, the trial court did not reconsider its final judgment under any statute or under any judicially recognized source of authority.

### *Final Judgment*

{¶13}    It is undisputed that the judgment of conviction entered by the trial court in May 2010 met the requirements of finality set forth in Crim.R. 32(C).  *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, *modifying State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 (holding that a judgment of conviction is final, when the order sets forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk [of courts]."). For this reason, the state's reliance on the Ninth Appellate District's decision in *State v. Taylor*, 9th Dist. No. 92CA005469, 1993 Ohio App. LEXIS 2585 (May 19, 1983), is misplaced.

{¶14}    Taylor was based on the Ninth District's earlier decision in *State v. Curry*, 49 Ohio App.2d 180, 359 N.E.2d 1379 (9th Dist.1976).  In *Curry*, the court initially considered whether it was the duty of the trial court or the prosecutor to determine

whether the defendant had complied with his plea agreement. The court decided that it was the duty of the trial court to make that determination, after a hearing on the issue. The *Curry* court then stated that if, on remand, the trial court found that the state had proven that the defendant had failed to perform under his plea bargain, then the trial court should either proceed to sentencing—which had not yet occurred—or vacate Curry's pleas. *Id.* at 183. *See also State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 686 N.E.2d 267 (1997) (holding that, in the absence of formal journalization of a decision, the municipal court possessed authority to review and reverse its previous decision.).

{¶15} In contrast, in this case, the trial court granted the state's motion to vacate Gilbert's pleas after the court had already sentenced Gilbert and after the judgment of conviction including that sentence had been journalized in accordance with the criminal rules, resulting in a final judgment of conviction. Because the court below, unlike the trial court in Curry, reconsidered a final judgment, *Curry* does not support the state's position.

{¶16} The Ninth Appellate District in *Taylor* cited *Curry* to support its determination that the trial court had jurisdiction to grant the state's motion to vacate Taylor's plea and sentence after the sentence had become final. But the *Taylor* court did not reconcile its decision with the general rule that an Ohio trial court lacks the authority to reconsider its own valid final judgment in a criminal case. And the *Taylor* court failed to acknowledge the distinction between Curry's case and Taylor's case in that regard.

{¶17} Moreover, in *Taylor*, the state actually reindicted Taylor after the trial court found that she had breached the plea agreement by feigning amnesia in an attempt to avoid testifying at her husband's trial. The defendant again entered a plea and was again convicted upon the new indictment. Taylor's reindictment might well have influenced the *Taylor* court's disposition of the jurisdictional issue in the case. In this case, the state did not reindict Gilbert.

{¶18}    We, therefore,  hold that the trial court lacked the authority to reconsider its own valid final judgment in this case.  Accordingly, we sustain the first assignment of error.

{¶19}    In his second assignment of error, Gilbert argues that the trial court violated his Double Jeopardy rights under the United States and Ohio Constitutions, when it reconsidered its final judgment.  In his third assignment of error, Gilbert argues that he was denied his constitutional right to the effective assistance of trial counsel, when counsel failed to object to the trial court's exercise of jurisdiction to reconsider the May 2010 final judgment.

{¶20}    We have already determined that the trial court lacked the authority to reconsider Gilbert's May 201o judgment of conviction.  Thus, our resolution of Gilbert's first assignment of error renders his second and third assignments of error moot, and we decline to address them.  *See* App.R. 12 (A)(1)(c).

### Conclusion

{¶21}    The trial court lacked the authority to reconsider the May 2010 valid final judgment.  Accordingly, we reverse the trial court's May 2011 judgment, and we remand this cause to the trial court with instructions to vacate its May 2011 order granting the state's motion to vacate the pleas and its May 2011 judgment of conviction and to reinstate its May 2010 judgment of conviction.

Judgment reversed and cause remanded with instructions.

FISCHER, J., concurs separately.
DINKELACKER, J., dissents.

FISCHER, J., concurring separately.

{¶22}    Given the current state of the law, I am compelled to join the lead opinion in this case.  Regrettably, Kareem Gilbert may escape a conviction because he was sentenced before he fulfilled a material obligation of his plea agreement.  This case exposes an obvious deficiency in the power of Ohio's courts to enforce plea agreements, a central element of our criminal justice system.  *See, e.g, Missouri v.*

*Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012) (noting that 97 percent of federal convictions and 94 percent of state convictions are the result of guilty pleas). Even in civil cases, there is at least some law indicating that a civil judgment induced by fraud may be void. *See generally Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 23. Unfortunately, the legislature so far has not provided Ohio courts with the statutory authority in criminal matters for the state to enforce plea agreements when a breach by the defendant occurs postconviction. *Compare* Crim.R. 32.1. Absent such specific legal authority, with any attendant constitutional process therein, Ohio law, as it now stands, commands that I concur.

**DINKELACKER, J.**, dissenting.

{¶23} Kareem Gilbert's scheme of dishonesty and disrespect for the justice system should not be rewarded. This court should hold Gilbert to the series of agreements he made with the state and the trial court. To do otherwise undermines the entire plea arrangement system.

{¶24} In this case, Gilbert entered into a detailed agreement with the state to provide honest testimony. He did not. Instead, he has gamed the system in the worst possible way. He clearly lied to the trial court at some point in order to garner his initial conviction for voluntary manslaughter, as opposed to the indicted offense of aggravated murder.

{¶25} The Ohio Supreme Court has held that the reasons for disfavoring collateral attacks do not apply in two principle circumstances: (1) when the issuing court lacked jurisdiction or (2) when the order was the product of fraud. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 23. Gilbert perpetrated a fraud of the highest order. I believe that his conduct places this case within this narrow line of exceptions to judgment finality that allows courts to

correct grave injustices like the one that has occurred here. The trial court acted within its jurisdiction in reconsidering the May 2010 judgment of conviction.

{¶26}  Since the trial court acted within its jurisdiction, I believe that the reasoning of the court in *State v. Taylor*, 9th Dist. No. 92CA005469, 1993 Ohio App. LEXIS 2585 (May 19, 1993), applies. The facts in that case are similar to the facts in the present case. The court in *Taylor* held that "where a plea is accepted conditionally and the defendant fails to comply with the condition, the court is justified in vacating the plea." *Id.* at *4. This is exactly the case here. This would effectuate justice in this case.

{¶27}  Further, in *Taylor*, the defendant had objected in the trial court to the state's motion to vacate her plea. Here, Gilbert not only did not object to the state's motion to vacate the plea, but acquiesced to it. He did not appeal the state's motion. Consequently, he has waived any error, and we can reverse only upon a finding of plain error. *See State v. Underwood*, 3 Ohio St.3d 12, 13, 444 N.E.2d 1332 (1983); *State v. Tibbs*, 1st Dist. No. C-100378, 2011-Ohio-6716, ¶ 40.

{¶28}  "[T]he plain error rule is to be applied with the utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." *State v. Cooperrider*, 4 Ohio St.3d 226, 227, 448 N.E.2d 452 (1983); *State v. Salaam*, 1st Dist. Nos. C-070385 and C-070413, 2008-Ohio-4982, ¶ 25.  In this case, the manifest miscarriage of justice would be to allow Gilbert to avoid his conviction for murder through his own lies. Therefore, I cannot join in the majority opinion.

{¶29}  My interpretation of the law surrounding the circumstances of this case does not allow me to join the majority. Gilbert did not seek justice, he thwarted

it. Left to stand, the decision of this court allows an injustice against the citizens of Ohio. The state committed no unfair act and broke no rule.

{¶30} Therefore, I dissent.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

