[Cite as *State v. Walter*, 2017-Ohio-236.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

TYLER K. WALTER

    Appellant

C.A. Nos.    16AP0009
                16AP0010

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE Nos.    2014 CR-B-001737
                2014 CR-B-001969

DECISION AND JOURNAL ENTRY

Dated: January 23, 2017

WHITMORE, Judge.

{¶1} Appellant, Tyler Walter, appeals from his convictions in the Wayne County Municipal Court. This Court affirms.

I.

{¶2} In Case No. 2014 CR-B 001737, Mr. Walter was charged with domestic violence in violation of R.C. 2919.25(A), aggravated menacing in violation of R.C. 2903.21(A), and unlawful restraint in violation of R.C. 2905.03(A). In Case No. 2014 CR-B 001969, Mr. Walter was charged with petty theft in violation of R.C. 2913.02(A)(3). Mr. Walter initially pled not guilty. Pursuant to a plea agreement, Mr. Walter subsequently changed his plea to guilty of the domestic violence and aggravating menacing charges and no contest for the petty theft charge. The State dismissed the unlawful restraint charge.

{¶3} At the change of plea hearing, the assistant prosecutor stated the agreement as follows: "The State has offered to dismiss the [u]nlawful [r]estraint in exchange for a plea to the [d]omestic [v]iolence and the [a]ggravated [m]enacing." Defense counsel confirmed that Mr. Walter accepted this plea offer. The State did not make any recommendation regarding sentencing. Defense counsel requested a pre-sentence investigation report. She stated that Mr. Walter was "attending AA meetings and doing counseling for alcohol." She explained that the defense "was hoping the [c]ourt might be willing to give him a little bit of a chance to continue doing that as well as continue working to see how he does and so he might have a better chance to argue to the [c]ourt at a later date whether or not he should be able to get work release or should be able to continue that treatment outside of jail * * *."

{¶4} At the sentencing hearing, the State "[d]efer[red] to the [c]ourt and the pre-sentence investigation * * *." Defense counsel noted that Mr. Walter was employed and his employer was present at the hearing. Defense counsel argued, "Considering his employment and the progress he is making, Your Honor, I would ask the [c]ourt to consider placing my client, either allowing him some [h]ome [a]rrest or allowing him work release so that he could try and maintain his job and continue his progress * * *." After Mr. Walter addressed the court, the judge sentenced him in each case. Mr. Walter was sentenced to a total of 150 days in jail, $800 in fines with $100 waived, and 300 hours of community service. In addition, the court ordered Mr. Walter to pay restitution in the amount of $200.75 and court costs. The court also ordered that Mr. Walter be placed on probation for 24 months and complete substance abuse counseling and the "Another Way" batterer's program.

{¶5} Mr. Walter indicated that he could pay the majority of the restitution that day and the balance "[w]henever I get back to work and get released * * *." Mr. Walter asked the court,

"Am I going to be able to do work release?" and "is there any way that I can just skip probation and do all jail time?" Regarding work release, the court informed Mr. Walter that he could apply for it and the court would rule after receiving the application. At the conclusion of the sentencing hearing, defense counsel stated that Mr. Walter "recollect[ed] that part of the agreement for him pleading was that the [p]rosecutor would recommend work release." She continued, "I don't have any notes in front of me, I remember talking about work release but I just wanted to put that on the record." The court then requested that the State file a response when Mr. Walter moves for work release. The State responded, "Yes, Your Honor."

{¶6} Thereafter, Mr. Walter, by and through counsel, moved for work release. The motion indicated that Mr. Walter's employer was interested in having him return to work and that work release would help Mr. Walter meet his financial obligations including restitution, fines, and court costs in these cases. It further stated, "A review of correspondence between counsel and the prosecutor also shows that counsel did state that [Mr. Walter] would be seeking work release if [Mr. Walter] accepted the plea offer in these cases, and the prosecutor did not indicate any objection to that request, but would instead defer to the [c]ourt's discretion on that matter." The State did not file a response. The trial court denied the motion for work release[1].

{¶7} Mr. Walter appeals raising two assignments of error.

II.

Assignment of Error Number One

THE STATE OF OHIO DID NOT COMPLY WITH THE PLEA BARGAINING AGREEMENT.

---

[1] In addition to the motion filed by counsel, Mr. Walter wrote a letter to the trial judge requesting work release. The trial court also denied that request.

{¶8} In his first assignment of error, Mr. Walter argues that the State breached the plea agreement by failing to recommend work release. We disagree.

{¶9} "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Contract law principles are applied to plea agreements. *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, ¶ 21.

{¶10} Ordinarily, the remedy for a breach of a plea agreement is either specific performance or withdrawal of the plea. *State v. Jimenez*, 9th Dist. Summit No. 24609, 2009-Ohio-4337, ¶ 11, citing *State v. Mathews*, 8 Ohio App.3d 145, 146 (10th Dist.1982). Mr. Walter did not move the trial court for either of these remedies, nor has he requested them on appeal. Rather, Mr. Walter contends that his cases "should be remanded to the trial court for an evidentiary hearing pursuant to *State v. Curry*."

{¶11} In *Curry*, the State agreed to a sentencing recommendation in exchange for the defendant's cooperation in a number of cases. *State v. Curry*, 49 Ohio App.2d 180, 181-182 (9th Dist.1976). At the sentencing hearing, the State asserted that the defendant had not "fully cooperated." *Id.* at 182. In light of this alleged breach, the State recommended a different sentence than what had been previously agreed. *Id.* The trial court, without holding an evidentiary hearing, accepted the State's assertion that the defendant had not fully cooperated. *Id.* at 182-183. We held, "it is the duty of the trial court as a trier of fact, not the prosecutor's office or the police department, to determine whether there has been compliance with a plea bargaining agreement." *Id.* at 183. Consequently, we remanded the matter for the trial court to hold a hearing to determine whether the agreement had been breached. *Id.* at 184.

{¶12}  The instant case is unlike *Curry.*  In *Curry*, it was undisputed that the defendant's full cooperation was a term of the plea agreement.  The issue was whether the defendant had complied with that agreement.  By contrast, Mr. Walter has not pointed to any agreement *at the time of his plea* regarding work release.  Rather, his argument is based on a statement *at the sentencing hearing* that Mr. Walter "recollect[ed] that part of the agreement for him pleading was that the [p]rosecutor would recommend work release."

{¶13}  Before a court can address whether a party has complied with an agreement, the terms of the agreement must first be identified.  *State v. Nice*, 5th Dist. Morgan No. 07-CA-2, 2008-Ohio-5799, ¶ 11.  The terms of a plea agreement are determined based on "what the parties reasonably understood *at the time the defendant entered his guilty plea*."  (Emphasis added.)  *Id.*

{¶14}  Although Mr. Walter "recollect[ed]" at the time of the sentencing hearing that there had been an agreement to recommend work release, that recollection is not consistent with the plea hearing transcript.  The plea transcript indicates that the State agreed to dismiss one charge in exchange for pleas on the remaining charges.  The plea transcript does not contain an agreement by the State to recommend work release.  The only mention of work release at the plea hearing was following defense counsel's request for a pre-sentence investigation report.  After noting that Mr. Walter was receiving alcohol counseling and working, defense counsel stated that "he might have a better chance to argue to the [c]ourt at a later date whether or not he should be able to get work release * * *."  This statement indicates that work release was considered, but not agreed upon, by the parties.

{¶15}  Mr. Walter points out that the court asked the State to file a response to his motion for work release and the State agreed to do so.  While we are not unmindful that an attorney's agreement to respond to the court should be honored, Mr. Walter has not explained

how this response to the court could be construed as part of his plea agreement. This dialogue occurred at the sentencing hearing, not the plea hearing. Moreover, the State did not indicate that its response would be in support of work release. When the motion for work release was subsequently filed by defense counsel, it referenced correspondence between defense counsel and the State indicating that Mr. Walter would seek work release if he accepted the State's plea offer and the State would "defer to the [c]ourt's discretion on that matter." While the better practice would have been for the State to file a response stating that it was deferring to the court's discretion, the State's lack of response in essence amounted to deferring to the court.

{¶16} Mr. Walter's first assignment of error is overruled.

Assignment of Error Number Two

MR. WALTER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO CLEARLY AND UNAMBIGUOUSLY SET FORTH THE TERMS OF THE PLEA AGREEMENT AT THE CHANGE OF PLEA HEARINGS ON NOVEMBER 2, 2015 AND BY NOT ENSURING THAT MR. WALTER KNOWINGLY AND VOLUNTARILY CHANGED HIS PLEA TO GUILTY IN CASE 2014 CR-B 001737 AND TO NO CONTEST IN CASE 2014 CR-B 001969 RESPECTIVELY.

{¶17} In his second assignment of error, Mr. Walter argues that his trial counsel was ineffective because there was "apparently an agreement" regarding work release that was not stated on the record at his plea hearing. We disagree.

{¶18} To prevail on an ineffective assistance of counsel claim, an appellant must show that counsel's performance was deficient and that deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a defendant claims ineffective assistance after entering a plea agreement, he must show that the alleged ineffective assistance precluded him from entering his plea knowingly and voluntarily. *See State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 18 (9th Dist.). *Accord State v. Madeline*, 11th Dist. Trumbull No. 2000-T-

0156, 2002 WL 445036, \*4 (Mar. 22, 2002) ("This 'waiver' is applicable to a claim of ineffective assistance of trial counsel unless the allegation caused the plea to be less than knowing and voluntary.").

**{¶19}** According to Mr. Walter, "the joint recommendation [of work release] was an important part of [his] decision to change his plea in these matters," yet "nothing was said on the record" at the plea hearing. As previously discussed, work release was mentioned at the plea hearing, but there was no statement that an agreement had been reached regarding it. At the plea hearing, defense counsel requested a pre-sentence investigation report and "to argue to the [c]ourt at a later date whether or not [Mr. Walter] should be able to get work release \* \* \*." To the extent that Mr. Walter contends there was an agreement beyond what was stated on the record, we are unable to review such an argument on direct appeal. *See State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4-5 (ineffective assistance claim on direct appeal cannot be premised on speculation or evidence outside the record).

**{¶20}** Mr. Walter's second assignment of error is overruled.

III.

**{¶21}** Mr. Walter's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

BRADLEY R. HARP, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.