[Cite as *State v. Van Pelt*, 2025-Ohio-1529.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ROBERT VAN PELT

    Appellant

C.A. Nos.    30975
               30976

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR-2022-11-4107
              CR 2023-05-1567-B

DECISION AND JOURNAL ENTRY

Dated: April 30, 2025

---

STEVENSON, Judge.

**{¶1}** Defendant-Appellant Robert Van Pelt appeals his sentence from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** This appeal involves two separate criminal cases. Van Pelt appealed his sentence in both cases and this Court consolidated the appeals for purposes of the record, briefs, oral argument, and decision.

**{¶3}** In Case No. CR-2022-11-4107 (the "First Case"), a grand jury indicted Van Pelt on two counts: one count of aggravated trafficking in drugs (a second-degree felony) with an accompanying forfeiture specification, and one count of aggravated possession of drugs (a second-degree felony). In Case No. CR-2023-05-1567(B) (the "Second Case"), a grand jury indicted Van

Pelt on three counts: one count of vandalism (a fourth-degree felony), and two counts of breaking and entering (fifth-degree felonies). Van Pelt pleaded not guilty in both cases.

{¶4} Van Pelt and the State ultimately reached a plea agreement. As part of the agreement, Van Pelt agreed to plead guilty to all the counts in the Second Case. Van Pelt also agreed to pay $1,822.00 related to the forfeiture specification in the First Case. In exchange, the State agreed to amend the count for aggravated trafficking in drugs in the First Case from a second-degree felony to a third-degree felony, and to dismiss the count for aggravated possession of drugs. The State informed the trial court at the plea hearing:

> [W]e have a joint recommendation that the Court would impose an 18-month prison sentence on each case, to run consecutive to one another for a total of 3 years. [Van Pelt] would be granted any jail-time credit that he's legally entitled to. He would agree not to file for judicial release in the future. He would be serving every single day of the sentence.
>
> And then we would also ask that the Court impose a restitution order in [the Second Case] in the amount of $8400 . . . .

{¶5} After relaying the negotiated plea, the State asked the trial court to schedule sentencing for a later date so that the victim could attend. Defense counsel then indicated that Van Pelt signed a plea form for each case and was prepared to plead guilty.

{¶6} The trial court then engaged in a plea colloquy with Van Pelt and Van Pelt pleaded guilty to the charges as amended in the plea agreement. The trial court accepted Van Pelt's plea and found him guilty. Consistent with the plea agreement, the trial court dismissed the count for aggravated possession of drugs from the First Case.

{¶7} At the end of the plea hearing, the trial court scheduled the sentencing hearing for September 5, 2023. The trial court then asked if there was "anything from either side for the record?" Defense counsel declined but the State added: "I would just indicate, if [Van Pelt] does

not appear at that date, then all bets are off." The trial court responded: "Yeah. And the Court will issue a capias." The plea hearing then concluded.

{¶8} Van Pelt did not appear at the sentencing hearing on September 5, 2023. That same day, the trial court issued a capias in both criminal cases and ordered that the cases "be marked 'terminated by reason of unavailability for trial'" and removed from the Court's pending case list. The sheriff arrested Van Pelt on October 17, 2023, and the cases were reinstated to the trial court's active docket a few days later. The trial court held a sentencing hearing on November 13, 2023.

{¶9} At the sentencing hearing, the parties seemed to agree that Van Pelt failed to appear at the September 5, 2023, sentencing hearing because he was in the hospital, which they learned after the fact. The parties also seemed to agree that the trial court rescheduled the sentencing hearing for September 6, 2023, and that Van Pelt had been released from the hospital prior to the rescheduled hearing. Notice of the rescheduled sentencing hearing is not reflected on the trial court's docket for the First Case or the Second Case.

{¶10} The State argued at sentencing that Van Pelt's failure to appear at the rescheduled sentencing hearing on September 6, 2023, resulted in a breach of the plea agreement. In support of its position, the State noted that it stated at the plea hearing that "all bets were off" if Van Pelt did not appear at the sentencing hearing and that as a result, "[it] would be free to argue and the State would not be bound by that prior joint agreement because [Van Pelt] did not uphold his side of things." The State then requested that if the trial court thought Van Pelt violated the plea agreement, it should impose "a sentence greater than three years." Alternatively, the State argued that if the trial court determined that Van Pelt did not breach the plea agreement, then the trial court should "follow the negotiated plea" and impose the three-year sentence.

**{¶11}** Defense counsel asserted that Van Pelt "made a poor choice to not come [to court] the next day after he was released from the hospital." Defense counsel noted that Van Pelt "was missing for two weeks" after his release but that Van Pelt did not "pick up any new cases . . . [or] go on the run . . . ." Additionally, defense counsel noted that he "could not get in touch" with Van Pelt after his release from the hospital, so Van Pelt "didn't even know about the [rescheduled sentencing hearing] because his phone died while he was in the hospital." Defense counsel ultimately argued that Van Pelt substantively complied with the terms of the plea agreement and asked the trial court to enforce it.

**{¶12}** Van Pelt then addressed the trial court and explained that he was aware of the sentencing hearing on September 5, 2023, but that he was "scared" when he was released from the hospital because "the prosecutor said that all deals were off." Van Pelt also explained that he "was scared that [he] was going to get more time because I was in the hospital, . . . I didn't know what else to do. . . . [T]here's no explanation other than that. Bad choice."

**{¶13}** In addressing Van Pelt, the trial court stated that he had been "given the benefit of a plea and what was a guaranteed sentence; it was a joint recommendation." The trial court then imposed its sentence, including a total prison term of 42 months (i.e., 6 months more than the recommended sentence in the parties' plea agreement), forfeiture in the amount of $1,822, and restitution in the amount of $8,400.

**{¶14}** After the trial court imposed its sentence, the trial court and defense counsel engaged in the following discussion:

> [DEFENSE COUNSEL]: So, to be clear, you're finding it is a violation of the plea agreement; is that correct?
>
> THE COURT: I didn't say it was a violation of the plea agreement, but - - he did plead; he just didn't uphold what the Court ordered him to do - - . . . and what he was supposed to do.

[DEFENSE COUNSEL]:    So the position is, had he shown up [at the originally scheduled sentencing hearing] and not been in the hospital - -

THE COURT: Well, had he - - no, not that day.  When he was supposed to come the next day.

[DEFENSE COUNSEL]:    Right. And I let you know obvious [sic] - - I did not even tell him about that day.

But beyond that, Your Honor, the position is, had he shown up [at the originally scheduled sentencing hearing] or the following day, you would have enforced the plea agreement which we made with the State.  Is that correct?

THE COURT:                I'm going to think about that.

Defense counsel then asked whether Van Pelt was still bound by the plea agreement's restriction that he could not file for judicial release.  The trial court responded that he was not and that it would consider a motion for judicial release in the future. The sentencing hearing concluded without the trial court making a definitive ruling on whether Van Pelt breached the plea agreement.

{¶15}  Van Pelt now appeals, raising one assignment of error for this Court's review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN FAILING TO ENFORCE THE PLEA AGREEMENT BETWEEN THE STATE AND [VAN PELT][.]**

{¶16}  In his sole assignment of error, Van Pelt argues that the trial court erred by failing to enforce the plea agreement. He maintains that the State and the trial court improperly abandoned the plea agreement at the expense of his rights and liberty. For the following reasons, this Court disagrees.

{¶17}  "It is well established that a plea agreement is viewed as a contract between the State and a criminal defendant and is, therefore, governed by principles of contract law." *State v. West*, 2005-Ohio-990, ¶ 29 (9th Dist.).  "Ordinarily, the remedy for a breach of a plea agreement

is either specific performance or withdrawal of the plea." *State v. Walter*, 2017-Ohio-236, ¶ 10 (9th Dist.); *see also Plassman v. Ohio Adult Parole Auth.*, 2014-Ohio-4033, ¶ 4.

**{¶18}** Generally, this Court reviews the trial court's decision regarding the enforcement of a plea agreement for an abuse of discretion. *State v. Hart*, 2005-Ohio-107, ¶ 9 (8th Dist.). An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219 (1983). When applying that standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St. 3d 619, 621 (1993).

**{¶19}** On appeal, Van Pelt argues that he did not breach the plea agreement because his appearance at sentencing was not part of the written plea agreement and constituted an oral modification that he did not agree to. He argues that he cannot breach a term or condition of the agreement by an act outside the four corners of the written agreement, and that he did not fail to live up to the essential terms. He maintains that if he did breach the agreement, then the trial court already gave the State a remedy by compelling his attendance with a capias, which was in effect an order of specific performance. He further submits that the trial court also had the option of rescinding the agreement and vacating the plea, however, it did not have the hybrid option that it ultimately chose; that is, leaving the plea in place while abrogating certain terms.

**{¶20}** The State argues that based on Ohio case law, "if a defendant fails to appear at a sentencing hearing, the defendant is in breach of the terms of any plea agreement." *State v. Adkins*, 2005-Ohio-2577, ¶ 8 (4th Dist.). We note that in so stating, the *Adkins* Court reiterated the principle set forth in *State v. Hess*, 1991 WL 286052, *6 (4th Dist. Dec. 24, 1991) (Harsha, J., concurring) and followed by other Ohio Appellate Courts that "appearance at all scheduled court dates is an

implied covenant in any plea agreement," and thus, the failure to appear is a "'sufficient breach of the agreement to relieve the State of its obligation . . . .'" *Adkins* at ¶ 9; *see also State v. Grier*, 2011-Ohio-902, ¶ 18 (3d Dist.); *State v. Turner*, 2019-Ohio-934, ¶ 43 (7th Dist.).

**{¶21}** While the parties' arguments focus on whether Van Pelt breached the plea agreement, we do not find that issue dispositive in this case because as explained further below, Van Pelt has not shown that he was prejudiced by the trial court's sentence.

**{¶22}** The parties disagree regarding whether Van Pelt's appearance at sentencing was a term of the plea agreement and that the plea agreement was breached when he failed to appear at the original or rescheduled sentencing hearing. However, the trial court's decision as to whether Van Pelt breached the plea agreement is unclear at best. A review of the sentencing hearing transcript indicates that the trial court did not conclusively determine whether Van Pelt breached the plea agreement. Instead, the trial court provided noncommittal responses to defense counsel's questions on the issue, including that it "didn't say it was a violation of the plea agreement" and that it would "think about" whether it would have sentenced Van Pelt per the terms of the agreement had he appeared at the original or rescheduled sentencing hearing. It then imposed a sentence that was consistent with some of the terms of the plea agreement (i.e., the reduction of the count for aggravated trafficking in drugs in the First Case from a second-degree felony to a third-degree felony and the dismissal of the count for aggravated possession of drugs) and inconsistent with others (i.e., imposing a prison term of 42 months instead of 36 months and allowing Van Pelt to move for judicial release in the future).

**{¶23}** Despite the lack of clarity in the record on the breach issue, we conclude that under the facts of this case, resolution of this question is not necessary. Even assuming without deciding that Van Pelt's failure to appear for sentencing did not constitute a breach of the agreement, he has

not shown that he was prejudiced by the court's failure to enforce the plea agreement when it imposed the higher sentence and that the outcome would have been different if he had appeared. As previously noted, the record of the plea hearing reflects that prior to the hearing, Van Pelt signed a written guilty plea form which includes the express provision that Van Pelt "further understand[s] that the Prosecutor's recommendation ***does not have to be followed by the Court***." (Emphasis added.) Since those terms were in writing and the form was signed by Van Pelt, that provision is "'what the parties reasonably understood at the time the defendant entered his guilty plea.'" (Emphasis omitted.) *Walter*, 2017-Ohio-236, at ¶ 13 (9th Dist.), quoting *State v. Nice*, 2008-Ohio-5799, ¶ 11 (5th Dist.). Thus, even if Van Pelt had appeared for the original sentencing hearing as ordered and followed all the terms of the plea agreement, implicit or explicit, and even if the State had adhered to its sentencing recommendation, under the express written terms of the plea agreement, the trial court was not required to follow the State's recommendation regarding sentencing. Van Pelt does not contest that his plea was entered knowingly, intelligently, and voluntarily. Despite Van Pelt's argument that the trial court "itself was bound by [the] terms [of the plea agreement]" because it "accepted the plea agreement and the agreed sentence[,]" there was no language in the written plea agreement nor did the trial court make any representations at the plea hearing that it agreed to impose a sentence of not more than three years.

{¶24} Furthermore, Van Pelt does not argue that the State improperly influenced the trial court or that the trial court's imposition of a 42-month sentence was induced by the State. The State's request to the trial court was for a sentence "greater than three years" only if it found that Van Pelt breached the plea agreement. The State did not ask for a 42-month sentence or to permit the filing of a judicial release motion.

**{¶25}** Therefore, based on the foregoing, we cannot conclude that Van Pelt was prejudiced by the trial court imposing a higher sentence than the State's recommendation of three years because the express written terms of the plea agreement provided that the trial court was not obligated to follow that recommendation. Van Pelt does not argue that the trial court did not follow Ohio's sentencing guidelines by imposing a 42-month sentence. Accordingly, Van Pelt's assignment of error is overruled.

III.

**{¶26}** Van Pelt's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                     _____

                                                     SCOT STEVENSON
                                                     FOR THE COURT

HENSAL, J.
<u>CONCURS.</u>

FLAGG LANZINGER, P. J.
<u>DISSENTING.</u>

{¶27} I respectfully dissent because I would reverse and remand the matter for the trial court to conduct a hearing to determine whether Van Pelt breached the plea agreement.

{¶28} As the majority acknowledges, a review of the sentencing hearing transcript indicates that the trial court did not conclusively determine whether Van Pelt breached the plea agreement. The majority concludes that it is not necessary to determine whether Van Pelt breached the plea agreement because, even assuming he did not, he has not established that he suffered prejudice. In support of this conclusion, the majority cites a provision of the plea agreement wherein Van Pelt acknowledged that the trial court was not bound by the prosecutor's sentencing recommendation. According to the majority, Van Pelt cannot establish that he suffered prejudice because the plea agreement expressly stated that the trial court was not bound by the prosecutor's recommendation.

{¶29} The majority's conclusion is inherently problematic. "[I]t is well settled that a trial court is not bound by the terms of a plea agreement and it has discretion to depart from the State's sentencing recommendation." *State v. Hitt*, 2019-Ohio-2201, ¶ 14 (9th Dist.). Taken to its logical conclusion, the majority's holding means that the State could breach a plea agreement, yet the

defendant could never establish prejudice so long as the defendant was informed of this well settled law. I disagree with the majority's reasoning, which renders much of the jurisprudence surrounding plea agreements obsolete.

**{¶30}** Instead, I would reverse and remand the matter for the trial court to conduct a hearing to determine whether Van Pelt breached the plea agreement. "Before a court can address whether a party has complied with [a plea] agreement, the terms of the agreement must first be identified." *State v. Walter*, 2017-Ohio-236, ¶ 13 (9th Dist.). "The terms of a plea agreement are determined based on 'what the parties reasonably understood at the time the defendant entered his guilty plea.'" (Emphasis omitted.) *Id.*, quoting *State v. Nice*, 2008-Ohio-5799, ¶ 11 (5th Dist.).

**{¶31}** Here, the parties seemed to agree that Van Pelt was in the hospital on September 5, 2023. Defense counsel then told the trial court that Van Pelt "didn't even know about the [rescheduled sentencing hearing] because his phone died while he was in the hospital." Additionally, neither the docket from the First Case nor the Second Case reflects any notice of the rescheduled sentencing hearing. Instead, the dockets reflect that the trial court issued a capias in both cases on September 5, 2023, and ordered that the cases "be marked 'terminated by reason of unavailability for trial'" and removed from the Court's pending case list. Furthermore, the trial court never addressed whether Van Pelt's appearance at the sentencing hearing was a term of the plea agreement, either implicitly or through the State's statement at the plea hearing that if Van Pelt did not appear at the sentencing hearing, "then all bets were off." *See Walter*, 2017-Ohio-236, at ¶ 13 ("Before a court can address whether a party has complied with [a plea] agreement, the terms of the agreement must first be identified.").

**{¶32}** Without the trial court first determining the terms of the plea agreement and whether Van Pelt breached those terms, I would conclude that this Court is unable to determine

whether the trial court erred by failing to enforce the agreement. Simply put, unresolved factual issues remain regarding Van Pelt's purported breach of the plea agreement that the trial court must resolve in the first instance. *See Catalanotto v. Byrd*, 2016-Ohio-2815, ¶ 12 (9th Dist.) ("Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance."); *see also State v. Curry*, 49 Ohio App.2d 180, 183-184 (9th Dist. 1976). Consequently, I would reverse and remand the matter for the trial court to conduct a hearing to determine whether Van Pelt breached the plea agreement. *See id.* at 183 ("[I]t is the duty of the trial court as a trier of fact . . . to determine whether there has been compliance with a plea bargaining agreement. This can only come about at a hearing for that purpose."). I would sustain Van Pelt's assignment of error on that basis. Accordingly, I respectfully dissent.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.